**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0707** (Morgan County CC-33-2020-F-7)

**Tammy Jean Holmes,**
**Respondent Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Tammy Jean Holmes, by counsel Michael Santa Barbara, appeals the July 27, 2020, order of the Circuit Court of Morgan County sentencing her to a determinate eight-year term of incarceration following her conviction of two counts of conspiracy to deliver a controlled substance. The State of West Virginia, by counsel Patrick Morrisey and Lara K. Bissett, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, petitioner and her two co-defendants were indicted on two counts each of delivery of a controlled substance (heroin and fentanyl); two counts of possession with intent to deliver (heroin and fentanyl); and two counts of conspiracy to deliver (heroin and fentanyl). The charges arose out of a controlled drug transaction in December of 2019, during which a confidential informant ("CI") called one of petitioner's co-defendants, Marcellos Edens, to purchase seven-hundred dollars' worth of heroin. Mr. Edens instructed the CI to go to another co-defendant's home, Justin Davis, to acquire the heroin. While there, the CI observed and recorded petitioner and Mr. Davis discussing the details of drug transactions with Mr. Edens. The CI completed the transaction, and the substance received was later confirmed to be a mixture of heroin and fentanyl.

1

Petitioner and Mr. Davis agreed to pled guilty to one count of conspiracy to deliver heroin and one count of conspiracy to deliver fentanyl in violation of West Virginia Code § 60A-4-414(a) in exchange for the State's dismissal of the remaining charges. The circuit court held a hearing in June of 2020 and engaged petitioner in a plea colloquy. Upon its questioning, the court determined that petitioner's guilty plea was freely, voluntarily, and knowingly made; accepted her plea; and convicted her of the two counts. The circuit court granted the State's motion to dismiss the remaining counts, ordered that a pre-sentence investigation ("PSI") report be prepared, and scheduled the matter for sentencing at a later date.

According to petitioner's pre-sentence investigation report, petitioner had eleven prior convictions and four outstanding charges at the time of her plea. The oldest pending charges originated in Maryland and included three charges of possession with intent to deliver (heroin, cocaine, and fentanyl) and three charges of possession of those controlled substances. Petitioner had multiple warrants issued for her arrest due to her failure to appear and answer these charges. Petitioner had also been charged with conspiracy to deliver a controlled substance in Berkeley County, West Virginia, in August of 2019. According to the PSI report, petitioner related "no physical or mental abuse growing up." She became pregnant at seventeen and dropped out of high school during tenth grade. Petitioner conveyed that she began using controlled substances in 2010 and progressed to using heroin and cocaine daily. She reported overdosing "six to seven times" in the past. She also reported completing a residential substance abuse treatment program in 2016 while incarcerated in Maryland. She stated that the program helped her, but she had relapsed.

In July of 2020, the circuit court held petitioner's sentencing hearing. Petitioner offered no changes or objections to the PSI report. The State introduced a video of the controlled buy that gave rise to petitioner's convictions, which the court viewed.[1] The State also called Corporal Trampus Boyles of the Berkeley County Sheriff's Department. Corporal Boyles testified that he had been assigned to the Eastern Panhandle Drug and Violent Crimes task force in March of 2009. He testified that the task force had "established that [petitioner] is more or less the known dealer to our Panhandle area. . . . She would be the individual that our local individuals would contact in order to obtain illegal narcotics." He further explained that petitioner "would either relay and send somebody out to serve those clientele with those drugs, or if not, serve them herself. She's the one that has the intermediate connection with the source of supply." Finally, he testified that petitioner had "connections to houses[,] such as the other co-defendant Justin Davis his residence" for the "source of supply to set up shop in." When asked what recommendation he would make regarding sentencing, Corporal Boyles stated that the task force's recommendation was "for the high end of the [sentencing] guideline, and the reason being is we know there's users that also redistribute drugs to . . . support their habit, and we believe . . . the video evidence . . . clearly depicts that [petitioner] is above that level." He clarified that petitioner's "role is not just a runner herself[,] but she's also a manager of the runners." Petitioner's counsel argued that the video evidence portrayed Mr. Edens as the person in charge of the enterprise and that petitioner was simply a runner for Mr. Edens to support her drug habit.

_____

[1]The video was not included in the record on appeal.

Ultimately, the circuit court sentenced petitioner to two concurrent eight-year-terms of incarceration for her convictions. The court reasoned that the three co-defendants were "different level players" involved in the drug trade with "Justin Davis at one level of the mix and . . . Mr. Edens on the higher end of the mix [and petitioner] sitting in the middle." It concluded that petitioner was "the connection to this community and [she] will present a danger to this community." The circuit court further noted that petitioner was not eligible for probation because she had pending warrants. The circuit court's order memorializing petitioner's sentence was entered on July 27, 2020. Later, in September of 2020, the circuit court sentenced petitioner's co-defendant, Mr. Davis, to two concurrent ten-year-terms of incarceration, which was suspended for five years of probation. Petitioner now appeals the circuit court's sentencing order.

On appeal, petitioner asserts that the circuit court imposed unconstitutionally disparate sentences between herself and Mr. Davis. She argues that she and Mr. Davis were similarly situated at sentencing, in that they pled guilty to the same crimes and both expressed remorse and responsibility for their actions. She avers that Mr. Edens was identified as the leader of the drug conspiracy and that she and Mr. Davis both provided support. Finally, she acknowledges her extensive criminal history, but argues that this does not justify the eight-year difference in sentencing.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). This Court has long held that

> "[d]isparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone." Syllabus point 2, *State v. Buck,* 173 W.Va. 243, 314 S.E.2d 406 (1984).

Syl. Pt. 6, *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009).

Though critical to our analysis on appeal, the record is devoid of any information related to Mr. Davis's prior criminal record or his rehabilitative potential. "On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which [s]he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973). Petitioner has failed to provide a complete picture of Mr. Davis, and, therefore, has rendered it impossible to determine whether she and her co-defendant were "similarly situated." Nevertheless, we note that, according to Corporal Boyles, petitioner was a

3

local point of contact for the drug trade in the area and helped facilitate drug sales by arranging houses where the "source of supply [could] set up shop." She was a "manager" of Mr. Edens's runners, as well as a runner herself. On top of this, petitioner had a lengthy criminal history and active warrants for drug-related charges at the time of sentencing. Again, similar information regarding Mr. Davis is unavailable to this Court, and petitioner did not include a transcript of Mr. Davis's sentencing hearing or any testimony that Corporal Boyles may have provided regarding Mr. Davis's involvement in the crimes. However, we can consider the circuit court finding that petitioner's involvement in the crimes was "in the middle" between Mr. Davis's participation and Mr. Edens's. Furthermore, petitioner's criminal history and active warrants were a significant factor that may have warranted an increased sentence than her co-defendant Davis. Finally, petitioner's sentence is within statutory limits,[2] and petitioner has identified no impermissible factors that were considered by the circuit court. Therefore, we find no error in the circuit court's sentencing order.

For the foregoing reasons, we find no error in the circuit court's July 27, 2020, order.

Affirmed.

**ISSUED**: October 1, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[2]West Virginia Code § 60A-4-414 provides that a person found guilty of conspiracy to deliver a controlled substance "shall be imprisoned in a state correctional facility for a determinate sentence of not less than two nor more than ten years."